United States District Court

DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

BRIAN L. BRIGGS

Criminal Complaint

CASE NUMBER: 08- 137M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __May 14, 2008__ in __New Castle__ County, in the District of Delaware, defendant did:

knowingly transport child pornography in interstate commerce, via the internet

in violation of Title __18__ United States Code, Section(s) __2252A(a)(1)__.

I further state that I am a(n) __Special Agent, FBI__ and that this complaint is based
                                 Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Signature of Complainant
Theodore J. Theisen
Special Agent, FBI

Sworn to before me and subscribed in my presence,
_August 6, 2008_                              at    _Wilmington, DE_
Date                                                     City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                 _____
Name & Title of Judicial Officer                 Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BRIAN L. BRIGGS, )<br>)<br>Defendant. ) | Case No.08- 137m |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Theodore J. Theisen, a Special Agent with the Federal Bureau of Investigation (FBI), Baltimore Division, Wilmington, Delaware Resident Agency, being duly sworn, depose and state as follows:

1.  I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI). I have been employed by the FBI since March of 2004. I have successfully completed the following FBI cyber crime courses: Cyber Investigative Techniques and Resources, Network Security Essentials, Network Investigative Techniques for Agents, Counterterrorism & Counterintelligence Investigations for Cyber Investigators, Advanced Network Investigation Techniques/UNIX, Wireless Computer Intrusion Techniques, Crimes Against Children - Juvenile Issues, Crimes Against Children - Basic, Image Scan, and Linux for Law Enforcement Officers. Prior to working for the FBI, I was employed in the Information Technologies field for approximately six years. During that time, I gained experience in systems engineering, programming, automation and systems management. I have held positions as a Computer

1

Programmer, a Systems Management Engineer, and an Outage Analyst. I am familiar with many different Operating Systems, including Microsoft Windows and all of its versions and various versions of UNIX and Linux. In addition, I have industry recognized Microsoft Certifications as a Microsoft Certified Professional plus Internet (MCP+I), and a Microsoft Certified Systems Engineer (MCSE).

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. This affidavit is submitted in support of a criminal complaint charging Brian L. Briggs, of Wilmington, Delaware, with violating Title 18, United States Code, Section 2252A(a)(1), Transportation of Child Pornography.

4. For the reasons set forth below, I respectfully submit that this affidavit contains ample probable cause to believe that Brian L. Briggs knowingly transported child pornography via the Internet.

5. The statements contained in this Affidavit are based on my experience and background as a Special Agent and on information provided by other law enforcement agents. I have not set forth every fact resulting from the investigation; rather, I have included only that information necessary to establish probable cause to charge Brian L. Briggs with violating Title 18, United States Code, Section 2252A(a)(1), Transportation of Child Pornography.

**PERTINENT FEDERAL CRIMINAL STATUTES**

6. Title 18, United States Code, Section 2252A, entitled "Certain activities relating to material constituting or containing child pornography," provides, in pertinent part:

(a) Any person who –

    (1) knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography;

    (2) knowingly receives or distributes –
        any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or
        any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;

    (3) knowingly reproduces any child pornography for distribution through the mails, or in interstate or foreign commerce by any means, including by computer;
    . . . .

    (5)(B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer,

shall be punished as provided in subsection (b).

    7.    Title 18, United States Code, Section 2256 defines the term "minor" as any person under the age of eighteen years.

    8.    Title 18, United States Code, Section 2256(8) defines "Child Pornography" as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."

    9.    Title 18, United States Code, Section 2256(2) defines "sexually explicit conduct" as actual or simulated:

(a) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(b) Bestiality;

(c) Masturbation;

(d) Sadistic or masochistic abuse; or

(e) Lascivious exhibition of the genitals or pubic area of any person.

10. Title 18, United States Code, Section 2256(5) defines "visual depiction" as including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

## DETAILS OF INVESTIGATION

11. On May 14, 2008, an undercover special agent from the Phoenix Division of the Federal Bureau of Investigation ("UC-1") accessed the Google "Hello" website while posing as the mother of a 13-year-old girl.

12. At all relevant times, Google's "Hello" software program was an internet service that enabled users to trade image files easily, quickly, and relatively securely. Google's "Hello" service was discontinued in or about June 2008.

13. The Hello program allowed traders to connect directly (peer-to-peer) to each other's computers specifically for the purpose of sharing pictures. Movie files also could be shared. Since the connection was peer-to-peer, there was no limit to the number and size of files that could be shared. Once a connection was created, the individuals simply selected the files they wished to share. This could be an individual picture or video, or a folder containing thousands of pictures. While connected, the individuals also could engage in chat conversations.

Thus, users could share pictures or videos and chat about them in real time as the images appeared on their computer monitors.

14. During this undercover session, UC-1 was contacted by an individual with the user-name "TomatoB," who sent UC-1 twenty-eight images, some of which were child pornography.

15. One of the images that "TomatoB" sent to UC-1 was named "0_16690500_1184632791.jpg." This image depicted a prepubescent girl approximately five or six years old, holding an erect adult male penis near her face.

16. During the transmission of the images from "TomatoB" to UC-1, they communicated with one another using the "Hello" program. During this chat session, "TomatoB" advised that his real name was Brian and he was twenty-two years old. Regarding his child pornography collection, "TomatoB" advised that he had a Dell laptop computer and another desktop computer and explained that his "desk top has all the main stuff and new things come in on the laptop." "TomatoB" further elaborated that he had images of children under thirteen years old engaged in sexual activity on his desktop computer at his house.

17. Also during the chat session, "TomatoB" advised that he had a "useless english degree" and that he "maybe someday [would] be a teacher." UC-1 then queried, "get to be by little girls then..?", to which "TomatoB" responded that such proximity would be a "fringe benifit" of being a teacher.

18. Also during the chat session, "TomatoB" advised that he had sexually touched a child "a few years back" when he "was eighteen years old and working at a camp," when he was "helping a kid put on her swim suit." He stated that he "got a great feel for the ass and chest."

5

19. Also during the session, "TomatoB" asked UC-1 if "she" had any children, to which UC-1 responded that "she" had an 13-year-old daughter. "TomatoB" asked UC-1 if she was "active" with "her" daughter, and asked UC-1 to transmit nude images of "her" daughter.

20. Google, Inc. and Verizon Internet Services have provided business records in response to administrative subpoenas that have allowed law enforcement agents to confirm that an individual located at Brian L. Briggs' Wilmington residence accessed the Google Hello website while using the user-id "TomatoB" on May 14, 2008.

21. On August 6, 2008, law enforcement agents executed a federal search warrant at Brian L. Briggs' Wilmington residence. Briggs, his father and his mother were present when agents entered the residence.

22. Pursuant to the search warrant, law enforcement agents seized various pieces of computer equipment, including a laptop, a thumb drive, a number of other computers and various computer equipment and media.

23. A preview search of the thumb drive, which Brian L. Briggs identified as his own, was found to contain over 100 images of suspected child pornography. For example, one image depicts a prepubescent girl, approximately 10-11 years old, engaged in oral sex with a naked adult male. Another image depicts a naked female, approximately 13 years old, masturbating while she performs oral sex on a naked adult male.

24. Brian L. Briggs consented to an interview with law enforcement officers. During the course of the interview, Brian L. Briggs was shown two of the images that UC-1 received from "TomatoB" – both of which Briggs admitted transmitting during the Google Hello session. One of these images depicts a prepubescent girl who appears to be under age five grasping an

adult male penis. Briggs also was shown a transcript of his May 14, 2008 Google Hello chat with UC-1, in which he acknowledged engaging.

25. Brian L. Briggs also provided a written statement admitting:

I started looking at illegal under-aged pictures of girls in the last few years. At the time these images were interesting to me. I used a chat site called literotica.com to meet other like minded people, and we traded pictures.

26. Brian L. Briggs also stated that he is a camp counselor for a private school summer camp program located in Southeastern Pennsylvania. During the school year, he works in the after-school program at the same school, where his duties include escorting children to various activities.

## CONCLUSION

27. Based on the above information, there is probable cause to charge Brian L. Briggs, of Wilmington, Delaware, with violating Title 18, United States Code, Section 2252A(a)(1), Transportation of Child Pornography.

Respectfully submitted,

_____
SA Theodore J. Theisen, FBI

Sworn and subscribed before me
this 6 day of August 2008

_____
Honorable Mary Pat Thynge
United States Magistrate Judge